# Peppers *v.* The State.

*Assault With Intent to Murder.*

(Decided Dec. 18th, 1906.    42 So. Rep. 734.)

*Criminal Law; Appeal; Record; Organization of Grand Jury.*—Although the venire states the name of John L. Gradin with his residence as Kirby's beat number 17, and the record shows "all persons therein named and so summoned answered thereto, and appeared in open court, except A. Kennemar (and after stating that certain persons were excused, states) that John T. Gradin appeared in open court and it being ascertained that the said John T. Gradin was the only person in that beat (number 17) by that name, was duly sworn as a grand juror, it appears from such record that John T. Gradin was the only Gradin in said venire, and was the only Gradin sworn as a grand juror, and hence, there was not an unlawful number of persons on said grand jury.

APPEAL from Marshall Circuit Court.

Heard before HON. W. W. HARALSON.

From a conviction of assault with intent to murder Clay Peppers prosecutes this appeal. The facts upon which the opinion is rested sufficiently appear therein.


GOODHUE & BLACKWOOD, for appellant.—If the true bill is found by the grand jury not regularly organized the indictment cannot be maintained.—*Hall v. The State,* 134 Ala. 110. The error committed by the court in the organization of the grand jury is fatal to the indictment.—*Peters v. The State,* 98 Ala. 38; *Ramsey v.*

[Peppers v. The State.]

*The State,* 113 Ala. 49; *Finley v. The State,* 61 Ala. 201; *Cross v. The State,* 63 Ala. 40; *Scott v. The State,* 63 Ala. 59; *Murphy v. The State,* 86 Ala. 45. The principles declared in the following cases, *Pace v. The State,* 69 Ala. 232; *Rooks v. The State,* 83 Ala. 80; *Edmondson v. The State,* 17 Ala. 169, have no application whatever to the case at bar.

MASSEY WILSON, Attorney General, for State.—No brief came to the reporter.

SIMPSON, J.—The appellant was convicted of the crime of assault with intent to murder, and sentenced to imprisonment in the penitentiary for seven years. There is no bill of exceptions in the record, but the insistence of the appellant is that the grand jury which found the indictment was not organized according to law, because one of the names on the venire appeared as "John L. Gradin," with his residence stated as "Kirby's No. 17," and the record reads, in regard to the venire, "All the persons therein named and so summoned answered thereto, and appeared in open court, except W. A. Kennemar," and then, after stating that certain persons were excused, goes on to state that "John T. Gradin appeared in open court, and, it being ascertained that the said John T. Gradin was the only person in that beat (No. 17) by that name, was duly sworn in as a grand juror," etc.

It is contended that this record shows that "John L. Gradin" was present, and, as the whole number of grand jurors is shown to be 16, it is thus shown that there were already 15 members of the grand jury, and the court committed an error in adding the sixteenth man, to-wit, "John T. Gradin." We do not think that the record will bear this construction. While it is true that it does state that all of the persons named in the venire and summoned appeared, and that John T. Gradin appeared, the evident meaning is that among the "all" who appeared was the Gradin who, though called "John L. Gradin" in the venire, was really John T. Gradin. It could not mean that there were two of the Gradins present, for the record goes on to state that it was "ascer-

tained that the said John T. Gradin was the only person in that beat (No. 17) by that name." This must mean the only person in that beat named "Gradin," for it would be nonsensical to ascertain that he was the only person by the name of John T. Gradin. We cannot presume that the court would stultify itself by saying that it had two Gradins from that beat before it, and yet had ascertained that there were only one in that beat, and that his name was "John T. Gradin."

To reverse the case on such an extreme technicality as that would be trifling with the solemn purposes of courts of justice. The judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and DENSON, J.J., concur.